IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARY M. KOEGEL FERTEL-RUST,

OPINION AND ORDER

Plaintiff,

v.                                                        11-cv-274-wmc

MILWAUKEE COUNTY TRANSIT SYSTEM, et al.,

Defendants.

MARY M. KOEGEL FERTEL-RUST,

OPINION AND ORDER

Plaintiff,

v.                                                        11-cv-430-wmc

UWM GOLDA MEIR LIBRARY, et al.,

Defendants.

MARY M. KOEGEL FERTEL-RUST,

OPINION AND ORDER

Plaintiff,

v.                                                        11-cv-432-wmc

MR. CHARLES N. CLEVERT, JR.,
Chief Judge of the United States District
Court for the Eastern District,

Defendant.

MARY M. KOEGEL FERTEL-RUST,

OPINION AND ORDER

Plaintiff,

v.                                                        11-cv-449-wmc

JOHNSON CONTROLS, INC. OF MILWAUKEE, et al.,

Defendants.

MARY M. KOEGEL FERTEL-RUST,

                    Plaintiff,

     v.

MRS. SHIRLEY ABRAHAMSON, et al.,

                    Defendants.

OPINION AND ORDER

11-cv-457-wmc

---

MARY M KOEGEL FERTEL-RUST,

                    Plaintiff,

     v.

USA PRESIDENT BARACK OBAMA, et al.,

                    Defendants.

OPINION AND ORDER

11-cv-547-wmc

---

MARY M KOEGEL FERTEL-RUST,

                    Plaintiff,

     v.

PUBLIC SAFETY MEDICAL COLLEGE OF WIS., et al.,

                    Defendants.

OPINION AND ORDER

11-cv-649-wmc

---

MARY M FERTEL-RUST,

                    Plaintiff,

     v.

MILWAUKEE COUNTY, WIS, et al.,

                    Defendants.

OPINION AND ORDER

12-cv-279-wmc

---

Since 2000, plaintiff Mary Fertel-Rust has filed over 60 cases in this court, including

2

17 since March 2011.  To date, she has been allowed to proceed in each of these cases without any prepayment of the $350 filing fee for a civil lawsuit.  The next step is determining whether Fertel-Rust's proposed actions are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Several of Fertel-Rust's actions  require a detailed response from the court, parsing out her various claims to determine which may proceed, which cannot be maintained in a lawsuit in this court and which require amended pleadings so that the court may understand what plaintiff is trying to assert.  The eight above-captioned cases do not require such treatment and will be dismissed.

A brief summary of Fertel-Rust's complaints in these cases is as follows:

- Case no. 11-cv-274: against defendants Milwaukee County and the Milwaukee County Transit System for the conditions she has suffered while riding buses – she was harassed by fellow passengers, people sprayed smells in the air of packed buses, drivers drove recklessly and failed to follow the schedule.

- Case no. 11-cv-430: against various libraries in the state and other miscellaneous parties for being banned from those libraries.

- Case no. 11-cv-432: against defendant Judge Charles N. Clevert, alleging that he has prohibited her from filing lawsuits in the United States District Court for the Eastern District of Wisconsin.

- Case no. 11-cv-449: against defendants Johnson Controls, Inc., City of Milwaukee Department of Public Works and "Makers of Air Sprays" for inadequate breathing conditions in Milwaukee buildings and buses, potholes in streets and other "tragic events."

- Case no. 11-cv-457: against defendants Wisconsin Supreme Court Justices Shirley Abrahamson, David Prosser and Ann Walsh Bradley for being upset about an

3

altercation at the court, as well as larger social issues.

- Case no. 11-cv-547: against President Obama and the Environmental Protection Agency for air pollution in Wisconsin due to transit and detonation of "explosive materials," possibly including nuclear bombs.

- Case no. 11-cv-649: against security staff at the Medical College of Wisconsin's library for harassing her in the library, as well as several other unfocused claims against unrelated defendants regarding the conditions at her apartment and verbal harassment at various locations in Milwaukee.

- Case no. 12-cv-279: against Milwaukee County and the Milwaukee County executive for removing flags flown at the Milwaukee County Courthouse.

Fertel-Rust did not stop with these original "pleadings"; in the time these cases have been pending, she has filed dozens of "supplements," many of which raise factual and legal issues unrelated to her complaints but rather catalogue her day-to-day interactions with the various people and institutions she claims continue to harm her.

Like so may other previously dismissed cases, Fertel-Rust's complaints and proposed supplements in these eight cases are replete with defects that will keep her from proceeding, as she should be aware by now given the summary disposition of her many, earlier claims. Indeed, many of her claims are frivolous on their face or seek relief from entities that cannot be sued under 42 U.S.C. § 1983. Those claims that are not obviously frivolous fail to pass muster under Federal Rule of Civil Procedure 8, which requires that a complaint set forth a (1) short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Simply put, however interesting and even compelling snippets of her free-flowing prose may be at times, her vague and sweeping allegations written in an

4

apparent stream of consciousness make it virtually impossible to parse out cognizable claims under Rule 8 without guesswork or unwarranted factual assumptions and inferences. Plaintiff also merges unrelated claims against different sets of defendants in many of her complaints, which runs afoul of Federal Rule of Civil Procedure 20.

Moreover, almost all of the events discussed take place outside the district in which this court sits, which may be explained in part by the United States District Court for the Eastern District of Wisconsin barring her from filing new, non-habeas civil complaints. *In re Fertel-Rust*, No. 10-mc-32 (E.D. Wis. Feb. 28, 2011). The Eastern District is not the only court to have sanctioned Fertel-Rust. The United States Supreme Court has barred her from filing petitions for certiorari in noncriminal matters, *Fertel-Rust v. Milwaukee County Mental Health Center*, 527 U.S. 469 (1999), and this court has sanctioned Fertel-Rust in the past for overburdening the clerk's office. *Fertel-Rust v. M&I Bank*, 00-cv-108-jcs (W.D. Wis. Feb. 25, 2000).

Accordingly, the court will not only dismiss each of the above-captioned cases, but echoing what other courts have done in order to avoid further waste of judicial resources, this court will direct the clerk of court to route directly to chambers any further pleadings Fertel-Rust files in this court. If the pleading is comprehensible and appears to raise claims that can be heard in this court, it will be returned to the clerk's office with instructions to open a new case file. If the pleading suffers from the same problems as the cases here, the pleading will be deemed dismissed without order and given no further consideration. *See, e.g., Alexander v. U.S.*, 121 F.3d 312, 315 (7th Cir. 1997) (sanction "will reduce the burden

of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention").

For Fertel-Rust to receive a hearing in this court on any future complaint she files in this court, she must comply with a few straightforward dictates:

Fertel-Rust should organize her allegations into short, numbered paragraphs, detailing what acts she believes violated her rights, who, specifically, committed those acts, what rights were violated and what relief she wants the court to provide.  In short, she should write her complaint as if she is telling a story to someone who knows nothing about her situation, even if she has provided some background information in a previous complaint.

In an effort to keep her allegations as organized as possible, Fertel-Rust should file her complaint on the form attached to this order (if she intends on filing multiple complaints she may make copies of this form or ask the clerk's office for more copies).

Should Fertel-Rust fail to file these guidelines in a future complaint, it will not be docketed.

ORDER

IT IS ORDERED that:

1.      Each of the above-captioned cases is DISMISSED.

2.      If plaintiff Mary Fertel-Rust files any new complaints, the clerk of court is directed to send them directly to chambers for review, as explained above.

Entered this 7th day of November, 2012.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge

7